WRIT GRANTED AND MADE PEREMPTORY.

This litigation arises out of an explosion in which the relators sustained injuries. In pursuit of a remedy, the relators sued Fer-rellgas, Inc., Empire Gas Corporations, and many other defendants. On June 27, 1996, the relators entered .a settlement with Fer-rellgas. This settlement included a “Mary Carter” agreement in which the relators agreed that if they should recover from any other defendant, Ferrellgas would receive a portion of the recovery. In a pre-trial motion in limine, an issue arose over whether the defendant, Empire Gas Corporations, could introduce the settlement agreement into evidence. The district court ruled that the defendant could introduce all the settlement agreement’s terms and conditions except the amount that the relators received. The relators seek supervisory relief from this ruling.
The district court erred in denying the relators’ motion in limine. La.Code Evid. art. 408 allows a party to use a settlement agreement to show a witness’ prejudice or bias. However, this evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. La.Code Evid. art. 403. Allowing the jury to receive all the settlement agreement’s terms and conditions is unfairly prejudicial and will likely mislead the jury. Ferrellgas’ alleged bias can be adequately demonstrated without introducing all the settlement’s terms and conditions. Evidence of the settlement agreement should be limited to the following: (1) the fact that Ferrellgas settled with the relators; and (2) the fact that Ferrellgas will receive a percentage of the relators’ recovery from the other defendants.